IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA : CASE NO. CR-3-02-77

v.

JAMES C. GOLDEN, JR. :

----------------------

Response In Opposition To Defendant Golden's Motion For Pretrial Notice of Other Evidence Which the Government Intends to Introduce at Trial (R. 13)

----------------------

This matter is before the Court on Defendant's Motion for an Order Compelling Government to which was filed herein on August 30, 2002. The Government now responds.

Prior to 1991, "the Sixth Circuit ha[d] concluded that 'in most criminal prosecutions the Brady Rule, Rule 16, and the Jencks Act exhaust the universe of discovery to which the defendant is entitled.'" United States v. Oatman, 1990 U.S. Dist. LEXIS 16303, *2 (Western District of Michigan November 27, 2990) (quoting United States v. Presser, 844 F.2d 1275, 1286 n.12 (6th Cir. 1988). However, the 1991 amendment to Federal Rule of Evidence 404(b) "adds a pretrial notice requirement in criminal cases which is intended to reduce surprise and promote early resolution on the issue of admissibility." *Advisory Committee Note on 1991 Amendments*. "Other than requiring pretrial notice, no specific time limits are stated in recognition of what constitutes a reasonable request of disclosure will depend



largely on the circumstances of each case. *** Likewise, no specific form of notice is required." Id. (Citations omitted). Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defendant of the general nature of the extrinsic acts. Id. The amendment is not intended to supercede other rules of admissibility or disclosure such as the Jencks Act, nor is it intended to require disclosure of witnesses. Id. The notice requirement applies regardless of whether the intended usage is for the case in chief, impeachment or possible rebuttal. Id. Importantly, under the plain language of the rule, a request by defendant is a condition precedent to the notice requirement. Notably, the Court can, under the facts, decide that a particular request was not reasonable, either because of the lack of timeliness or completeness. Id. The same discretion applies to the prosecution's notice. Id.

In this case, Defendant has already been provided access to all of the government's known potential evidence. Not only has the Government provided defense counsel with full and complete discovery under Rule 16 of the Federal Rules of Criminal Procedure, but it has also provided defense counsel with redacted copies of all police reports and witness statements. (Redactions are limited to the identifying information of lay witnesses.) Thus, Defendant has the necessary information before him to

evaluate his position on whether to file any motions in limine with respect to 404(b) evidence.

If in the future the Government decides that 404(b) evidence will be offered, notice of same will be given. Similarly, if the Government concludes that any convictions older than 10 years exist that could be used to impeach the defendant if he chooses to testify, notice of such conviction(s) will be provided per Federal Rule of Evidence 609(b).

Apart from the requests for notice the defendant under Rules 404(b) and 609(b), the requests made are not applicable and should be denied in their entirety.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

For ANNE H. FEHRMAN (0063511)
Assistant United States Attorney
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within pleading was mailed by regular United States mail to:

Cheryll A. Bennett, Esq.
130 West Second Street
Suite 820
Dayton, OH 45402

on this _23rd_ day of September, 2002.

For ANNE H. FEHRMAN
Assistant U.S. Attorney