

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA      :     CASE NO. CR-3-02-77

   v.

JAMES C. GOLDEN, JR.          :

--------------------------

Response in Opposition to Defendant Golden's Motion for
Production of Exculpatory Evidence and His Motion for Pretrial
Production of Jencks Act Material and For
Preservation of Agent's Notes(R.14 & 15)

--------------------------

This matter is before the Court on Defendant's Motion for
Production of Brady Material and his Motion for Pretrial Jencks
Disclosure.  Both motions were filed on August 30, 2002.  The
Government now responds.

"The Brady Rule, established in Brady v. Maryland, 373 U.S.
83 (1963), places on the government a 'general obligation to
disclose evidence that is favorable to the accused and material
to guilt or punishment.'" United States v. McQueen, 1994 U.S.
App. LEXIS 30652, *8 (6th Circuit October 27, 1994) (quoting
United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988).
Additionally, "[t]he Supreme Court extended Brady in Giglio v.
United States, ***, to require the government to disclose
impeachment evidence where the 'reliability of a given witness
may well be determinative of guilt or innocence.'" United States
v. Brown, 2000 U.S. App. LEXIS 14522, *7 (6th Circuit June 20,

2000)(quoting <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972) (internal citation omitted).

"However, the Jencks Act limits this rule by protecting statements or reports made by government witnesses from disclosure until after that witness has testified on direct examination at trial. *** Where the potentially exculpatory evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence.  The clear and consistent rule of this circuit is that . . . the government may not be compelled to disclose Jencks Act material before trial.'" <u>United States v. McQueen</u>, 1994 U.S. App. LEXIS 30652, *8 (6th Circuit October 27, 1994) (quoting <u>United States v. Presser</u>, 844 F.2d 1275, 1281 (6th Cir. 1988)(citations and footnote omitted).  Stated another way, "the Brady doctrine 'is not violated if the Brady material is disclosed 'in time for use at trial,' including during the trial itself." (sic) <u>Id</u>., at 9 (quoting, <u>United States v. Presser</u>, 844 F.2d at 1281).

In this case, Defendant has already been provided access to all of the government's known potential evidence.  Not only has the Government provided defense counsel with full and complete discovery under Rule 16 of the Federal Rules of Criminal Procedure, but it has also provided defense counsel with redacted copies of all police reports and witness statements.  (Redactions are limited to the identifying information of lay witnesses.)

This writer knows of no exculpatory or impeachment evidence which has not been made available to defense counsel at this time. This writer knows of no written witness statements or summaries of such statements which have not been made available to defense counsel at this time.

Additionally, the Government agrees to instruct the agents in this case not to destroy any notes pertaining to this case that currently exist.

Accordingly, the Government respectfully requests that Defendant Golden's Motion for Production of Exculpatory Evidence and His Motion for Pretrial Production of Jencks Act Material and For Preservation of Agent's both be overruled in their entireties.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

For ANNE H. FEHRMAN (0063511)
Assistant United States Attorney
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within pleading was mailed by regular United States mail to:

    Cheryll A. Bennett, Esq.
    130 West Second Street
    Suite 820
    Dayton, OH 45402

on this _____23rd_____ day of September, 2002.

                                    _____
                                    For ANNE H. FEHRMAN
                                        Assistant U.S. Attorney

-4-