# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. CR-3-02-077 |
| vs. | : | |
| JOHN GOLDEN, | : | Chief Judge Walter H. Rice |
| Defendant. | : | |

## DEFENDANT, JOHN GOLDEN'S MOTION TO SUPPRESS STATEMENTS; REQUEST FOR HEARING

Now comes Defendant, John Golden (hereinafter "Mr. Golden"), by and through counsel, and hereby moves this Court to suppress any and all statements attributed to him by the Government in the above-captioned matter. As grounds for this Motion, Mr. Golden states that any statements made were made in violation of *Miranda*. Mr. Golden attaches a memorandum in support of this Motion for consideration, and requests a hearing in this matter to develop a factual basis for this Motion and to present additional legal arguments in support thereof.

Respectfully submitted,

STEVEN R. KELLER,
FEDERAL PUBLIC DEFENDER

Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
130 West Second Street, Suite 820
Dayton, Ohio 45402
(937) 225-7687

Attorney for Defendant
John Golden



# MEMORANDUM

## FACTUAL SUMMARY

On July 26, 2002, Mr. Golden was arrested and charged with Crossing State Lines with the Intent to Engage in a sexual act with a person under 12 years old, in violation of 18 USC § 2241(c). Upon his arrest, and following such, Mr. Golden was questioned by agents from the Springfield Police Department, Dayton Police Department and the Federal Bureau of Investigations. During the course of the questioning, Mr. Golden made statements, oral and written to representatives of these agencies. The statements were made as a result of an unlawful arrest, and without the benefit of Miranda warnings or a valid or knowing waiver of Miranda rights.

## LAW

The Fifth Amendment protects individuals from the admission of statements made during custodial interrogations where they have not been given *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Interrogation, for purposes of *Miranda* is not limited to express questioning by police officers, but also encompasses words or actions reasonably likely to elicit incriminating responses from individuals. *Rhode Island v. Innis*, 466 U.S. 291, 301 (1980).

Further, whether or not an individual is in custody for Miranda purposes is not determined solely by physical custodial restraint, but encompasses other actions by law enforcement which serve to deprive an individual of his freedom. *Miranda* at 475. Mr. Golden was restrained and arrested by Springfield Police Officers on July 26, 2002. On that date and subsequent thereto, he was interrogated by that Department, by the Dayton Police Department, and by the Federal Bureau of Investigations without the benefit of *Miranda* warnings, or without a knowing and voluntary waiver of same. Therefore, any statements made by Mr. Golden should be suppressed.

Respectfully submitted,

STEVEN R. KELLER
FEDERAL PUBLIC DEFENDER

Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
130 West Second Street, Suite 820
Dayton, Ohio 45402
(937) 225-7687

Attorney for Defendant
John Golden

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Anne Fehrman, Assistant United States Attorney, by hand delivery, this 7th day of October, 2002.

Cheryll A. Bennett